**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO.: 5:10CV10-RLV**

| | |
|---|---|
| **ABT, INC.,**  Plaintiff,  v.  **SPORTSFIELD SPECIALTIES, INC.,**  Defendant. | **Memorandum and Order** |

**THIS MATTER** is before the Court on Defendant Sportsfield Specialties, Inc.'s Motion To Dismiss, filed August 23, 2010, and all related filings. (Documents ##12-14, 17, 20-21) Sportsfield asserts alternative claims alleging improper venue under Rule 12(b)(3) and / or transfer to the Northern District of New York, which the Court does not reach.

### I.

Plaintiff ABT, Inc. ("ABT") and Defendant Sportsfield Specialties, Inc. ("Sportsfield") are fierce competitors within the sports equipment industry.[1]

Relevant to the instant lawsuit, Sportsfield is the owner of United States Trademark Registration No. 3,254,178 for the JUMPFORM® mark, which issued June 19, 2007. In connection with attempts to police and protect its mark, Sportsfield generated a "cease and desist" letter to ABT on February 1, 2010, expressing its concern that ABT was infringing upon its JUMPFORM® trademark. (Heslin Decl. ¶5, Exh.1) More specifically, Sportsfield asserted that ABT's use of the

---

[1] A more detailed discussion of the parties' respective businesses and the outdoor sports equipment industry may be found within Civil Docket No.: 5:09CV119 / Document #230.

1

words "jump" and "form" together (*i.e.*, "JUMP FORM") in connection with its steeplechase jump construction materials was likely to cause consumer confusion. As a result, Sportsfield claimed infringement upon its trademark and common law rights and misappropriation of its property.

Seven days later, ABT intiated this action for a Declaratory Judgment of non-infringement pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§2201-02, as well as cancellation of a registered trademark pursuant to 15 U.S.C. §1064. (Document #1) On August 23, 2010, Sportsfield filed its Answer and simultaneously moved to dismiss. (Document #15)

ABT amended its Complaint on September 9, 2010, and included a state law cause of action for unfair and deceptive trade practices pursuant to N.C. GEN. STAT. §75-1.1 and North Carolina common law. (Document #16) ABT's Amended Complaint maintained its cause of action for cancellation of a registered trademark, and also sought damages for the false and fraudulent procurement of a trademark registration pursuant to Sections 37 and 38 of the Lanham Act, 15 U.S.C. §§1119 and 1120. The specific relief sought by ABT is: declaratory judgment that ABT has not infringed or otherwise violated any purported rights of Sportsfield, including any provisions of 15 U.S.C. §1114 *et seq.*, or any other asserted federal, state or common law laws, and that Plaintiff's use of the words "JUMP FORM" or any similar variation thereof is a use of a term or device which is descriptive of and used fairly and in good faith only to describe the goods or services of Plaintiff, as set forth in 15 U.S.C. §1115. (Am. Compl. Prayer for Relief, ¶¶A,B) Sportsfield filed its Answer to ABT's Amended Complaint on September 23, 2010.[2] (Document #22)

---

[2] Prosecution of ABT's Complaint has been delayed on several occasions by consent while the parties undertook settlement discussions. (Documents ##9, 11, 19)

Sportsfield has since withdrawn all of the allegations set forth within the February 1, 2010 letter to ABT. On August 23, 2010, Sportsfield sent a follow-up letter to counsel for ABT withdrawing the allegations contained within the prior letter. (Heslin Decl. ¶6 / Exh. 2) Counsel explained his agreement with Plaintiff that ABT's use of the terms "jump form," as revealed in the context challenged earlier,[1] is fair use and does not infringe.

Sportsfield now seeks dismissal of ABT's claims pursuant to Rules 12(b)(1) and (h)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. §§2201 and 2202 for lack of subject matter jurisdiction.

## II.

For the reasons stated herein, namely, the absence of any actual case or controversy, the Court finds that it lacks subject matter jurisdiction.

The Declaratory Judgment Act provides that, "[i]n a case or controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. §2201(a). For purposes of the Declaratory Judgment Act, the phrase "case or actual controversy" refers to the same types of "cases" and "controversies" deemed justiciable under Article III of the U.S. Constitution. MedImmune Inc v. Genentech, Inc., 549 U.S. 118, 126 (2007) (citing Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240 (1937)). The Court lacks subject matter jurisdiction where no "case" or "controversy" exists. FED. R. CIV. P. 12(h)(3).

---

[1] Sportsfield stated that the terms "jump form" are used on ABT's website in connection with its "SEF500 Steeplechase Water Jump Form" and that "[t]his is the only use of the terms "jump form" of which Sportsfield is currently aware." (Heslin Decl. / Exh. 2)

The Court considers the totality of the circumstances in determining whether a controversy exists to establish subject matter jurisdiction. MedImmune, 549 U.S. at 127. "[T]he question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Id. (*internal citations omitted*). In other words, the Court must be satisfied that the dispute is "definite and concrete, touching the legal relations having adverse legal interests and that it be real and substantial and admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." Id. (*internal quotations and citations omitted*). Moreover, the party seeking a declaratory judgment has the burden of establishing the existence of an actual "case" or "controversy." *See* Cardinal Chem. Co. v. Morton Int'l, 508 U.S. 83, 95 (1993).

In this case, ABT is unable to show either in that the alleged harm is purely hypothetical. ABT takes issue with Sportsfield's withdrawal of its infringement allegations as to one specific use of the phrase "JUMP FORM," as opposed to "all past or current uses of the terms and any similar variation thereof."[2] (Am.Comp. ¶12) Thus, despite Sportsfield's decision to retract its February 1, 2010 letter, and unequivocal promise not to seek legal recourse based upon ABT's use of "jump form," ABT suggests there *may* be other uses or other circumstances which *might* create uncertainty with respect to its ability to employ the words "jump" and "form" together in close proximity of each other.

---

[2] According to Sportsfield, ABT "dissects and analyzes the details of both of the letters, focusing on particular language attempting to create conflict, and yet, wholly ignores the statements expressly withdrawing the earlier letter in its entirety and specifically withdrawing any allegations contained in the letter" and "continues to treat the withdrawn letter as containing additional, live threats against it." (Def.'s Reply at 8)

While there is a contentious history between these entities, Sportsfield's representation that it does not intend to enforce its JUMPFORM® trademark rights against ABT in any respect drawn into question by this litigation appears genuine.[3] Indeed, the record supports Sportsfield's position. Sportsfield's pleadings expressly concede that ABT is not infringing upon its trademark and that ABT's existing use is properly characterized as "fair use." (*See* Def.'s Answer to Am. Compl., ¶¶11-13, 18,19) For these reasons, the Court finds there is no actual justiciable case or controversy. *See* Amerimax Real Estate Partners, Inc. v. RE/MAX Int'l, Inc., 600 F.Supp.2d 1003, 1009 (N.D.Ill. 2009) (declaratory judgment action dismissed after three years of litigation for lack of jurisdiction where defendant claiming trademark infringement conceded plaintiff's conduct did not infringe and withdrew its infringement claim); Trippe Mgf. Co. v. Am. Power Conversion Corp., 46 F.3d 624, 627-28 (7th Cir.1995) (declaratory judgment action dismissed for lack of case or controversy after defendant conceded fair use of the terms initially alleged to be infringing).

Alternatively, this Court, in its discretion, declines to entertain jurisdiction of the Declaratory Judgment Action brought by ABT. *See* Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995); Aetna Casualty & Surety Co. v. Ind-Com Elec. Co., 139 F.3d 419, 421 (4th Cir.1998); Apotex Inc. v. Eisai Inc., 2010 WL 3420470 (M.D.N.C. August 27, 2010) (declining to exercise declaratory judgment jurisdiction where injury was deemed speculative). Should Plaintiff ABT still wish to pursue cancellation of Sportsfield's Trademark No.: 3,254,178, Plaintiff has an adequate remedy via the Trademark Trial and Appeal Board of the U.S. Patent and Trademark Office.

---

[3] Within the Western District of North Carolina, disputes between ABT and Sportsfield have resulted in litigation brought by ABT on no fewer than four occasions. (*See* ABT's Compl. ¶10 / 5:09CV119; 5:06CV102; 5:03CV112) Sportsfield contends that with the instant dispute, ABT chose to commence litigation rather than respond to Sportsfield's letter. ABT brought this action on February 8, 2010 – seven (7) days after Sportsfield's initial cease and desist letter.

Finally, given that the federal cause of action is not justiciable, the Court likewise declines to entertain supplemental jurisdiction over ABT's state law claims pursuant to N.C. Gen. Stat. §75-1.1 and North Carolina common law.

## III.

**IT IS, THEREFORE, ORDERED** that Sportsfield's Motion To Dismiss is hereby **GRANTED**. Accordingly, ABT's Amended Complaint is **DISMISSED** for lack of subject matter jurisdiction.

Signed: July 8, 2011

Richard L. Voorhees
United States District Judge